This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **NO. 31,315**

**JONATHAN STANDIFER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions arising from a domestic dispute. In particular, he attacks the sufficiency of the evidence to support the conviction for false imprisonment. In our notice, we proposed to affirm. Defendant has timely responded. We have considered his arguments and not being persuaded, we affirm. In our notice, we identified the standard of review and pointed to the evidence that we believed supported the conviction. After Defendant punched Victim, she left their residence. [MIO 2] She got in a truck and attempted to drive away, but the truck got stuck. [MIO 2] Victim got out of the truck, intending to walk, but Defendant grabbed her by the hair and pulled her back into the house. [MIO 3]

Defendant makes two arguments in response. First, he contends that this conduct did not rise to the level of "restraint" called for by the false imprisonment statute. He argues that although he did pull her back into the house, that is not the reason that she stayed in the house. [MIO 5] We do not believe that Defendant needed to be the cause of Victim staying in the house. Rather, the element of restraining or confining was met by Defendant's actions of pulling her back to the residence when she did not want to go there. The fact that Defendant was trying to smooth things over while he was pulling her back to the house does not change the fact that she did not want to go, and he was making her do so. That is all that is required by the term "restrain."

Second, Defendant argues that the restraint was incidental to the battery, and thus, there is no independent evidence to support the charge of false imprisonment. In making this argument, Defendant relies on *State v. Garcia*, 2009-NMCA-107, 147 N.M. 150, 217 P.3d 1048, and *State v. Mares*, 112 N.M. 193, 812 P.2d 1341 (Ct. App. 1991). Both of those cases were argued as unit of prosecution double jeopardy issues where a defendant was convicted of multiple violations of the same criminal statute. The question in such cases is "whether the defendant's acts are separated by sufficient indicia of distinctness to justify multiple punishments under the same statute." *Garcia*, 2009-NMCA-107, ¶ 8. Those cases are not persuasive where the question here is whether there is sufficient evidence to support an entirely different crime.

Defendant appears to be conflating double jeopardy jurisprudence with sufficiency of the evidence claims. Although unit of punishment double jeopardy analysis requires a determination of whether there is sufficient evidence of separate acts, we will not use double jeopardy jurisprudence to determine whether there is sufficient evidence to support a conviction.

Defendant argues, citing several out of state authorities, that restraint that is incidental to an underlying offense is not sufficient to support a separate kidnaping or false imprisonment charge. [MIO 7-8] He argues that the restraint should have a significance of its own, and the jury should be so instructed. Defendant argued to the

jury that his pulling Victim back to the house was simply a continuation of the physical contact establishing the battery charge and that there was no separate evidence to support false imprisonment. The jury was unconvinced as it convicted him of false imprisonment.

We do not believe that the facts support Defendant's argument that the restraint was simply incidental to the battery. The battery had occurred in the residence. Victim left the residence, got into her truck, and attempted to drive away. The battery was concluded at that point. Defendant's action of grabbing Victim's hair and pulling her back into the residence when she attempted to walk away is separate from the battery that had occurred earlier in the house.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

4

_____
**MICHAEL E. VIGIL, Judge**